IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       **Case No. 11-40084-01-RDR**

ALFREDO SALAZAR,

        Defendant.

### O R D E R

This case is before the court upon defendant's unopposed motion to extend time for filing motions from December 13, 2011 to February 3, 2012. This is the first request for an extension of time to file motions.

Defendant is charged with possession with the intent to distribute cocaine in violation of 21 U.S.C. § 841. Defense counsel asserts that he has recently received the discovery in this case and will be out of the state for more than a month visiting his ailing mother. Counsel asks for additional time so that he may review the discovery, meet with his client and prepare motions.

Under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7), the court may exclude a period of delay from the time computed under the Act's deadlines for starting a trial if the court finds that the ends of justice served by granting the continuance outweigh the best interest of the public and the defendant in a speedy trial. To make this determination, the court must consider the following

factors "among others:"  1) whether the failure to grant the continuance would likely make the continuation of the proceeding impossible or result in a miscarriage of justice; 2) whether the case is unusual, complex or contains novel issues which require additional time for preparation; 3) whether there was a delay in filing the indictment which justifies a continuance; and 4) whether the failure to grant a continuance would deny the defendant reasonable time to obtain counsel, or deny either side continuity of counsel or deny the attorney for the government or defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

Most of the factors described above are not relevant to this case.  The case is not too unusual or complex, although there appears to be a fairly large amount of drugs alleged in the indictment and the events charged occurred in January 2009.

After careful consideration of the entire matter, the court is convinced that the denial of the requested extension of time may deprive defendant of the time necessary for his counsel to effectively prepare to file pretrial motions and to adequately evaluate the defense strategy in this matter, taking into account the exercise of due diligence.  The court believes that the requested continuance is in the interests of the public and the parties because it may facilitate a fair, just and efficient resolution of this matter. Defendant is detained pending trial and

is not a threat to the public or to himself.

In sum, the court finds that the continuance requested is in the interests of justice which outweigh the interests of the public and the defendant in a speedy trial.  Therefore, the continuance granted in this order constitutes excludable time under 18 U.S.C. § 3161(h)(7).

Defendant's motion shall be granted and the court shall extend the deadline for filing pretrial motions to February 3, 2012. Responses to pretrial motions shall be filed by February 10, 2012. A hearing upon pretrial motions shall be scheduled for February 17, 2012 at 9:30 a.m.

**IT IS SO ORDERED.**

Dated this 9th day of December, 2011 at Topeka, Kansas.

                                       s/Richard D. Rogers
                                       United States District Judge